IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Randle Jackson *Individually and as the Personal Representative of the Estate of Dashaun Simmons*, | ) ) ) ) ) | Case No. 1:23-cv-04955-JDA |
| Plaintiff, | ) ) ) | **OPINION AND ORDER** |
| v. | ) ) | |
| Gerald Bush, Dontai Parks, Cheryl Youngquist, Michelle Mapp, Thomas Robertson, John Palmer, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Defendant John Palmer's motion for summary judgment. [Docs. 19; *see* Doc. 23.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On April 2, 2024, the Magistrate Judge issued a Report and Recommendation and Order ("Report and Order") (a) recommending that Palmer's summary judgment motion be granted; (b) denying as moot a motion for status conference; and (c) denying Plaintiff's motion for leave to file an amended complaint. [Doc. 26.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Order and the serious consequences if they failed to do so. [*Id.* at 14.] The parties have

not filed objections to the recommendation that Palmer's summary judgment motion be granted, and the time to file objections has lapsed.*

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error as it pertains to Palmer's summary judgment motion. [Doc. 19.] Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge to the extent that it pertains to Palmer's summary judgment

---

* On April 16, Plaintiff filed objections to the Report and Order but one of them pertained only to the Magistrate Judge's description of the case's procedural background, and the others pertained only to the denial of his motion to amend. [Doc. 33.] On May 20, 2024, all Defendants other than Palmer (the "Remaining Defendants") filed summary judgment motions. [Docs. 40; 41; 43; *see* Docs. 46; 47; 48; 50; 51; 52.] The Magistrate Judge issued a Report and Recommendation ("Report") on July 1, 2024, recommending that these summary judgment motions be granted. [Doc. 53.] Plaintiff has filed objections to the Report, and the Remaining Defendants have filed responses. [Docs. 54; 58; 59; 60.] This Order addresses only Palmer's summary judgment motion. The Court will address the parties' other pending motions and objections in a separate order.

motion and incorporates it by reference. Accordingly, Palmer's summary judgment motion is GRANTED.

    IT IS SO ORDERED.

                                                        s/ Jacquelyn D. Austin
                                                        United States District Judge,

September 30, 2024
Columbia, South Carolina