IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Randle Jackson, *individually and as the Personal Representative of the Estate of Dashaun Simmons*,<br><br>      Plaintiff,<br><br>v.<br><br>Gerald Bush, Dontai Parks, Cheryl Youngquist, Michelle Mapp, Thomas Robertson,<br><br>      Defendants.[1] | Case No. 1:23-cv-04955-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's objections to the Magistrate Judge's Order denying Plaintiff's motion for leave to file an amended complaint (the "Order Denying Amendment") [Doc. 33] and motions for summary judgment filed by Defendants Dontai Parks [Doc. 40]; Michelle Mapp, Thomas Robertson, and Cheryl Youngquist [Doc. 41]; and Gerald Bush [Doc. 43]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On April 2, 2024, the Magistrate Judge issued the Order Denying Amendment [Doc. 26], and on April 16, 2024, Plaintiff filed objections to that ruling [Doc. 33]. On July 1, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that the three summary judgment motions be granted. [Doc. 53.] The Magistrate Judge advised the parties of the procedures and requirements for filing

---

[1] This caption represents the current parties involved in this litigation.

objections to the Report and the serious consequences if they failed to do so. [*Id.* at 21.] On July 15, 2024, Plaintiff filed objections to the Report [Doc. 54], and on July 29, 2024, Parks, Mapp, Robertson, Youngquist, and Bush filed replies to Plaintiff's objections [Docs. 58–60].

## STANDARD OF REVIEW

Regarding dispositive motions, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)). Although "objections need not be novel to be sufficiently specific," *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023), "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection," *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (internal quotation marks omitted); *see Regassa v. Warden of FCI Williamsburg*, No. 8:22-cv-466-SAL, 2023 WL 2386515, at *2 (D.S.C. Mar. 7, 2023) (concluding an objection was non-specific because the petitioner "ignore[d] the magistrate judge's analysis and repeat[ed]

the arguments he made in his opposition brief"); *Velez v. Williams*, No. 9:19-cv-03022-JMC, 2021 WL 837481, at *5 (D.S.C. Mar. 5, 2021) (reviewing for clear error only when the petitioner's objections were "rehashed, general, and non-specific"), *appeal dismissed*, 2021 WL 5879177 (4th Cir. Dec. 13, 2021).

On the other hand, review of the Magistrate Judge's decisions on non-dispositive matters is deferential, and such rulings will be modified or set aside only if they are "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). A ruling "is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948) (internal quotation marks omitted).

## **BACKGROUND**

This case concerns an inmate, Dashaun Simmons, who died while he was in the custody of the South Carolina Department of Corrections ("SCDC") and housed at McCormick Correctional Institution ("McCormick"). The Magistrate Judge provided a thorough recitation of the relevant facts, which the Court incorporates by reference. Accordingly, the Court provides only the background information necessary for the Court to address Plaintiff's objections.

Security video footage from November 3, 2020, in the A-wing of McCormick's F2 dorm, shows that Defendant Bush, a correctional officer, opened the door to inmate Jonathan Dominick's cell.[2] [Doc. 46-2 at 3–4.] Dominick exited the cell, walked back into

---

[2] Defendant Mapp was also working in the A-wing of the F2 dorm on November 3, 2020. [Doc. 46-4 at 8 (7:21–25), 12 (11:5–9).] At the time, Mapp was still being trained and was shadowing Bush. [*Id.* at 12 (11:5–9); Doc. 46-5 at 8 (8:23–9:4), 18 (18:9–16).]

the cell, and then exited the cell again while "clutching a white object in his right hand." [*Id.* at 4.] Another inmate, Darius Ransom, walked down the stairs and into Dominick's cell but then exited again. [*Id.*] Soon after, Dominick walked up the stairs to the top tier's fire escape, which is out of view of the security cameras. [*Id.*] Simmons was subsequently assaulted out of view of the security cameras. [*Id.*]

Defendant Youngquist, another correctional officer, arrived to work late on the day of the assault. [Doc. 46-7 at 7 (6:20–21).] When she arrived, she walked inside the F2 dorm, Bush gave her keys, and then Bush exited the dorm. [*Id.* at 8 (7:4–5).] Youngquist testified that, as she was trying to put the keys on her belt,

> there's two inmates at the door jumping up and down. Come on Youngquist, hurry up. Open up this door. I'm like come on, y'all. Y'all just seen I just walked in the door. Give me a minute. And they turned around and walked away, then they came back, and they're like Youngquist, come on now. Open the door. I said hold on. I'm getting ready to open up the door. So about that time I went over there, and I opened up the door. And when he was holding a guy – [another inmate] was holding Simmons like in a chair position. I was like what are y'all doing? And he was like look, and he turned and he had been stabbed on the side.

[*Id.* at 8–9 (7:14–8:1).] Youngquist then radioed for assistance. [*Id.* at 9 (8:3–4).]

Defendant Parks, a correctional sergeant, was on the yard driving a golf cart at the time that Youngquist radioed for assistance. [Doc. 40-2 at 2–3 (5:11–6:2).] Parks drove to the F2 dorm, and the inmate carrying Simmons put Simmons on the golf cart. [*Id.* at 3 (6:2–9).] Parks drove Simmons across the yard, and he and the inmate carried Simmons to medical. [*Id.* at 3 (6:14–19).] Simmons was subsequently pronounced dead from a stab wound to the back. [Doc. 46-2 at 35.] Dominick and Ransom were charged with Simmons's murder. [*Id.* at 6.]

4

**DISCUSSION**

**The Order Denying Amendment and Plaintiff's Objections**

In the Order Denying Amendment, the Magistrate Judge denied Plaintiff leave to file an Amended Complaint because the Magistrate Judge concluded that (a) Plaintiff had not established good cause under Rule 16(b) to allow amendment after the Scheduling Order's deadline for amended pleadings and (b) amendment would be futile under Rule 15(a). [Doc. 26 at 7–13.] Plaintiff has filed objections to that Order, stating that he objects to the ruling denying Plaintiff's motion to amend and to the following findings: that he "failed to show good cause to modify the scheduling order to allow an amendment to correctly identify [Charles] Burton as McCormick's warden during the relevant period," that he "failed to argue why he was unable to meet the scheduling deadline to identify the proper warden despite diligent efforts," that "amendment would be futile," that he "is unable to satisfy the requirements of Fed. R. Civ. P. 15(c)," that "Burton could not and should not have known that the action would have been brought against him but for a mistake concerning the proper party's identity," that his "mistake was due to lack of knowledge rather than due to misnomer," that "equitable tolling is not available," that he "was not prevented from asserting a claim by the defendants' wrongful conduct," that "equitable tolling is not available because extraordinary circumstances do not apply," and that he "has failed to meet his burden that amendment is appropriate." [Doc. 33 ¶¶ 2–12.] Because the Order Denying Amendment decided a non-dispositive matter, *see Rollinson v. Top Tier Solar Sols., LLC*, 2024 WL 4274697, at *2 (W.D.N.C. Sept. 24, 2024), the Court has reviewed it along with Plaintiff's objections pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and concludes that it

was neither contrary to law nor clearly erroneous.  Accordingly, the Order Denying Amendment is affirmed.

**The Report and Plaintiff's Objections**

The Magistrate Judge recommends that all three pending motions for summary judgment be granted.  [Doc. 53.]  With respect to Plaintiff's failure to protect claim, the Magistrate Judge concluded that Plaintiff failed to produce any evidence that Bush or Mapp knew that Simmons was in danger of being attacked by Dominick, Ransom, or any other inmate on the date of the incident or any time before that.  [*Id.* at 14–16.]  With respect to Plaintiff's deliberate indifference to medical needs claim, the Magistrate Judge concluded that nothing in the record showed that Youngquist's or Parks's actions were grossly incompetent and that, to the extent Plaintiff asserts a medical indifference claim against Bush or Mapp, such claim should be dismissed.  [*Id.* at 17–18.]  Finally, the Magistrate Judge concluded that Robertson's motion for summary judgment should be granted because a claim against him in his supervisory capacity could not survive when there was no underlying constitutional violation by Bush and because Plaintiff failed to offer any evidence to support a supervisory liability claim against Robertson.  [*Id.* at 18–20.]

Plaintiff raises 20 objections to the Report.  [Doc. 54.]  Five of the objections merely object to the Magistrate Judge's findings that Plaintiff has not produced any evidence to establish specific facts or elements required for his claims.[3]  [*Id.* ¶¶ 1, 5, 9, 12, 17.]

---

[3] These five objections state:

> 1. The plaintiff objects to the Magistrate Judge's finding in footnote 3 on page 3 of the Report and

However, Plaintiff fails to direct the Court to any record evidence supporting those facts or elements, and "an objection stating only 'I object' preserves no issue for review." *Elijah*, 66 F.4th at 460 (internal quotation marks omitted).  Similarly, three other objections merely object to the Magistrate Judge's findings and recommendations without providing

---

|  | Recommendation that there is no evidence in the record that Simmons told SCDC officials that a hit had been taken out of him. |
|---|---|
| . . . | |
| 5. | The plaintiff objects to the Magistrate Judge's finding on page 14 of the Report and Recommendation that there is no evidence that Bush knew Simmons was endangered by his actions when he released Dominick and Ransom from their cells because this finding fails to draw all reasonable inferences in favor of the nonmoving party. |
| . . . | |
| 9. | The plaintiff objects to the Magistrate Judge's finding on page 16 of the Report and Recommendation that th[e] plaintiff has failed to show that Bush and Mapp buried their heads in the sand or otherwise ignored an obvious risk of harm to Simmons. |
| . . . | |
| 12. | The plaintiff objects to the Magistrate Judge's finding on page 17 of the Report and Recommendation that there is no evidence that Youngquist's or Park's actions were grossly incompetent, inadequate or excessive as to shock the conscience, or intolerable to fundamental fairness. |
| . . . | |
| 17. | The plaintiff objects to the Magistrate Judge's finding on page 19 of the Report and Recommendation that the plaintiff failed to satisfy the necessary elements of a supervisory liability claim as established by *Shaw [v.] Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). |

[Doc. 54.]

any further argument.[4]  [Doc. 54 ¶¶ 13, 14, 19.]  Finally, Plaintiff's last objection conclusorily objects to the overall recommendation that the three motions for summary judgment be granted because Plaintiff contends that the Report "fails to draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  [Doc. 54 ¶ 20 (internal quotation marks omitted).]  However, this objection fails to direct the Court to any specific inferences that were not drawn in Plaintiff's favor.  Accordingly, the Court has reviewed these nine objections for clear error.  *See Rucker v. Stirling*, No. 1:19-00310-MGL, 2020 WL 4381975, at *3 (D.S.C. July 31, 2020) (finding that an objection merely stating the defendants "object to the Report and Recommendation's conclusion" regarding an issue was "a conclusory

---

[4] These three objections state:

> 13. The plaintiff objects to the Magistrate Judge's factual finding on page 17 of the Report and Recommendation that Youngquist and Parks immediately assisted Simmons upon their realization of his serious medical need, as well as the implicit factual finding that Youngquist's and Parks' actions were made in good faith and were reasonable.
>
> . . .
>
> 14. The plaintiff objects to the Magistrate Judge's recommendation on page 18 of the Report and Recommendation that Youngquist's and Parks' motions for summary judgment be granted.
>
> . . .
>
> 19. The plaintiff objects to the Magistrate Judge's finding on page 20 of the Report and Recommendation that letting inmates out of their cells without confirming whether they should be allowed out does not rise to the level of constitutional deprivation.

[Doc. 54.]

objection failing to require de novo review" (internal quotation marks omitted)). Having found no error, the Court overrules objection numbers 1, 5, 9, 12, 13, 14, 17, 19, and 20.

The Court will now turn to the remaining objections and discuss them with respect to the claims they address.

### *The Failure to Protect Claim and Related Objections*

As the Magistrate Judge explained [Doc. 53 at 12], to establish a failure to protect claim, a plaintiff must satisfy a two-part test consisting of both an objective and a subjective inquiry. First, the plaintiff "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the plaintiff must show that the prison official had a "sufficiently culpable state of mind," which, in this context, consists of "deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted); *see Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* at 842. In the end, "the test is whether the [prison officials] know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (internal quotation marks omitted).

In objection number 2, Plaintiff contends that "a genuine issue of material fact exists as to whether it was appropriate for Bush to let inmates out of their cells without verifying their work status" because "Bush's assertion that it is usual practice for officers

9

to let workers out when opening tier doors without first consulting a list or contacting a supervisor to verify their work status is contradicted by testimony . . . that such actions were inappropriate."[5]  [Doc. 54 ¶ 2.]  But whether it was "appropriate" for Bush to let inmates out of their cells is not the test to establish a failure to protect claim.  As the Magistrate Judge indicated [Doc. 53 at 14], even "knowingly violating a prison policy does not amount to deliberate indifference" and "[n]ot every violation of prison policy is a violation of the constitution," *King v. Riley*, 76 F.4th 259, 267 (4th Cir. 2023).  Nothing in this objection impacts the Magistrate Judge's conclusion that the record does not show that Bush or Mapp had any specific knowledge that Simmons was in danger of being attacked.  Accordingly, this objection is overruled.[6]

In objection numbers 3 and 4, Plaintiff objects to the Magistrate Judge's consideration of evidence regarding Dominick's and Ransom's job assignments.  [Doc. 54 ¶¶ 3, 4.]  First, Plaintiff objects to the Magistrate Judge's consideration of a declaration by Brandon Byrd, the Assistant Division Director of the Division of Classification and Inmate Records with the Central Classification Office of the South Carolina Department of Corrections, because Byrd had not been identified as a potential witness before the discovery deadline expired and because relevant job assignment records had not been

---

[5] Plaintiff argued in opposition to Bush's motion for summary judgment that Bush was permitted to let out of their cells only inmates who were authorized workers but that Bush failed to verify that Dominick and Ransom had job assignments that would have allowed them to be out of their cells.  [Doc. 46 at 10–12.]

[6] The final sentence of objection number 4 similarly argues that "[g]enuine issues of material fact remain as to whether it was appropriate for Bush to release . . . Dominick and Ransom and whether Bush was allowed to release *any* inmates without another officer present."  [Doc. 54 ¶ 4.]  That portion of objection number 4 is overruled for the same reason objection number 2 is overruled.

10

produced during discovery. [*Id.* ¶ 3.] Although the Magistrate Judge cited to Byrd's declaration in the Factual and Procedural Background section of the Report [Doc. 53 at 5 n.6], in her analysis, the Magistrate Judge noted that the Court may take judicial notice of the same information regarding Dominick's and Ransom's job assignments that is publicly available on a government website [*id.* at 11]. Nonetheless, Plaintiff also objects to the Magistrate Judge's taking judicial notice of this information, arguing that the information on the website "is limited and does not conclusively establish that Dominick and Ransom were allowed to be out of their cells at the time of the attack." [Doc. 54 ¶ 4.] Even though the Magistrate Judge took judicial notice of Dominick's and Ransom's job assignments, their job assignments did not factor into the Magistrate Judge's analysis regarding Plaintiff's failure to protect claim because, as stated, the Magistrate Judge recommends granting summary judgment to Bush and Mapp on that claim based on their lack of knowledge that Simmons was in danger of being attacked by any other inmates. [Doc. 53 at 14–16.] Thus, the Court overrules these objections.

In objection numbers 6, 7, and 8, Plaintiff objects to the Magistrate Judge's recommendation that Bush and Mapp are entitled to summary judgment, arguing that their lack of knowledge about Simmons's prior attacks at other institutions, about a threat by Dominick and Ransom regarding attacking Simmons, and about Simmons being in danger of being attacked by any inmates is insufficient for granting summary judgment. [Doc. 54 ¶¶ 6 (citing *Farmer*, 511 U.S. at 842–43, for the proposition that a trier of fact could find that an officer has knowledge of a risk of inmate attacks if the officer has been exposed to information about that risk such that the officer must have known about it, and *Brice v. Virginia Beach Correctional Center*, 58 F.3d 101, 105 (4th Cir. 1995), for the

11

proposition that a prison official cannot hide behind the excuse of being unaware of a risk that was obvious), 7 (citing *Madkessi*, 789 F.3d at 136, for the proposition that whether a prisoner complains before he is injured may be irrelevant), 8 (citing *Farmer*, *Brice*, and *Madkessi*).] Plaintiff is correct that a factfinder may conclude that an officer knew of a substantial risk of harm because the risk is obvious. *Farmer*, 511 U.S. at 842. But, under the relevant holdings in *Farmer*, *Brice*, and *Madkessi*, the risk of harm *must* be obvious. And Plaintiff has directed the Court to no evidence in the record that the risk of harm to Simmons was so obvious that it must have been known by Bush and Mapp. Accordingly, these objections are overruled.

In objection number 11, Plaintiff argues that the Magistrate Judge's finding that there is no evidence that Bush or any other Defendant knew of a substantial risk to Simmons "fails to draw the reasonable inference that Bush and/or Mapp should have discovered Dominick visibly carrying an eight-inch weapon for over six minutes." [Doc. 54 ¶ 11.] However, "[t]o show an Eighth Amendment violation, it is not enough that an official *should* have known of a risk; he or she must have had actual subjective knowledge." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). As Plaintiff has failed to direct the Court to any evidence in the record establishing that Bush or Mapp actually knew Dominick was carrying a weapon on the morning of the assault, this objection is overruled.

Nothing in Plaintiff's objections directs the Court to any evidence showing that Bush or Mapp was aware of facts from which the inference could be drawn that a substantial risk of serious harm to Simmons existed and that they actually drew that inference. As the Magistrate Judge stated, "this lack of evidence is fatal to Plaintiff's claim" for failure to protect. [Doc. 53 at 14.] Moreover, because Plaintiff has failed to

demonstrate that Bush or Mapp violated Simmons's constitutional rights, Bush and Mapp are also entitled to qualified immunity from liability for damages as to this claim. *See Tolan v. Cotton*, 572 U.S. 650, 655–66 (2014) (stating that for qualified immunity to attach to a defendant, it must be true that either the facts viewed in the light most favorable to the plaintiff fail to demonstrate the violation of a constitutional right or that the right was not clearly established at the time of the violation). As such, Plaintiff's objection number 10 regarding qualified immunity is overruled.

### *The Deliberate Indifference to Medical Needs Claim and Related Objections*

Deliberate indifference to medical needs exists when prison officials know of a substantial risk to a prisoner's health or safety and consciously disregard that risk. *See Farmer*, 511 U.S. at 837. As the Magistrate Judge explained [Doc. 53 at 16–17], the Fourth Circuit Court of Appeals has held that, to violate a prisoner's Eighth Amendment rights, "the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124 (4th Cir. 2020).

In objection number 15, Plaintiff challenges the Magistrate Judge's recommendation that summary judgment be granted as to Plaintiff's deliberate indifference to medical needs claim against Bush and Mapp, arguing that the Magistrate Judge provided no support for that conclusion. [Doc. 54 ¶ 15.] Having conducted a de novo review of this claim against Bush and Mapp, the Court agrees with the Magistrate Judge that summary judgment should be granted. As an initial matter, the Court notes that the Magistrate Judge stated, "To the extent that Plaintiff asserts this claim against

Bush or Mapp, the undersigned recommends dismissal of those claims." [Doc. 53 at 18.] Having reviewed Plaintiff's responses in opposition to the motions for summary judgment, the Court understands why it was not clear to the Magistrate Judge that the deliberate indifference to medical needs claim has been asserted against Bush and Mapp. In his response to Bush's motion for summary judgment, with respect to the deliberate indifference to medical needs claim, Plaintiff only conclusorily argued that a "genuine issue of material fact exists as to whether Bush was deliberately indifferent . . . by failing to provide a seriously injured Simmons with necessary medical care." [Doc. 46 at 13.] However, Plaintiff failed to direct the Court to any evidence that *Bush* failed to provide necessary medical care. [*See generally* Doc. 46.] In his response to Mapp's motion for summary judgment, Plaintiff seemed only to argue that Mapp failed to protect Simmons and did not address a deliberate indifference to medical needs claim against Mapp. [Doc. 48 at 9–10, 12–13.] Upon review, the Court concludes that Plaintiff has made no showing that Bush or Mapp engaged in the type of conduct required by controlling case law to establish a claim of deliberate indifference to medical needs against a non-medical defendant. *See Staton v. Arcer*, No. 8:22-cv-02545-BHH-JDA, 2023 WL 5338037, at *6 (D.S.C. July 31, 2023) ("To establish a claim for denial of medical care against non-medical personnel, a prisoner must show that the non-medical personnel failed to promptly provide needed medical treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct."), *Report and Recommendation adopted by* 2023 WL 5333286 (D.S.C. Aug. 18, 2023). Accordingly, this objection is overruled.

### *The Supervisory Liability Claim and Related Objections*

Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). As the Magistrate Judge noted [Doc. 53 at 19], a plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw*, 13 F.3d at 799 (citations omitted).

Plaintiff's objection number 18 challenges the Magistrate Judge's finding that the only evidence in this case regarding Robertson establishes that he knew Bush had attendance issues because Plaintiff argues the evidence "shows that Robertson found Bush to be undependable and would not allow him to transfer until he improved his overall performance." [Doc. 54 ¶ 18.] Plaintiff's objections do not direct the Court to specific evidence showing Robertson's knowledge, but in his opposition to Robertson's motion for summary judgment, Plaintiff cited to Robertson's deposition testimony that he knew Bush "wasn't coming to work, and he wasn't showing up. He wasn't accounting – we weren't able to depend on him." [Doc. 48 at 11 (citing Doc. 48-4 at 50 (49:13–15)).] Plaintiff also

cited to Robertson's testimony that Bush would need to improve his overall performance before they would allow him to transfer. [*Id.* (citing Doc. 48-4 at 50 (49:3–11)).] However, nothing in this testimony satisfies the requirement that Robertson had actual or constructive knowledge that Bush was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to inmates. Therefore, this objection is overruled.[7]

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Dontai Parks's motion for summary judgment [Doc. 40] is GRANTED; Michelle Mapp, Thomas Robertson, and Cheryl Youngquist's motion for summary judgment [Doc. 41] is GRANTED; and Gerald Bush's motion for summary judgment [Doc. 43] is GRANTED. Additionally, the Order Denying Amendment [Doc. 26] is AFFIRMED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

April 14, 2025
Columbia, South Carolina

---

[7] Because the Court overrules this objection related to Robertson's supervisory liability and concludes that the Magistrate Judge correctly found that Plaintiff failed to offer any evidence to support his assertion that Robertson should be held liable as Bush's supervisor, the Court need not address Plaintiff's objection "to the Magistrate Judge's finding that [Plaintiff] does not have a claim against Robertson in his supervisory capacity because there was no underlying constitutional violation as to Bush." [Doc. 54 ¶ 16.]